IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENATO LEDIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| RESURGENT CAPTIAL SERVICES, LP, and | ) |
| CACH, LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## NATURE OF ACTION

1.      Plaintiff Renato Ledic brings this action against Defendants Resurgent Capital Services, LP ("Resurgent") and CACH, LLC ("CACH") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, STANDING, AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendants that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing,*

1

*LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

### THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute [and] proof of one violation is sufficient to support summary judgment for plaintiffs on their federal claim" *Hartman v. Meridian Fin. Servs., Inc.*, 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002).

7.      In order to offer the greatest protections to consumers, "the FDCPA is a strict liability statute – a collector 'need not be deliberate, reckless, or even negligent to trigger liability." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009); *see also Anderson v. Credit Bureau Collection Services, Inc.*, 422 Fed. Appx. 534, 539 (7th Cir. 2011) ("This means [Plaintiff] is entitled to sue to enforce [the FDCPA's] provisions, even the "highly technical" ones . . .").

8.      "Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose." *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008).

*9.*      "[C]laims against debt collectors under the FDCPA are to be viewed through the eyes of the 'unsophisticated consumer' . . . the standard is low, close to the bottom of the sophistication meter." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *see also Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1257 (7th Cir. 1994) ("an unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness.").

## PARTIES

10.      Plaintiff is a natural person who at all relevant times resided in the State of Illinois, County of Cook, and City of Chicago.

11.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.      Resurgent is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13.      Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14.      CACH is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15.      CACH is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

3

## FACTUAL ALLEGATIONS

16.     Plaintiff is a natural person allegedly obligated to pay a debt.

17.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit account originally with GE Money Bank (the "Debt").

18.     Resurgent uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19.     Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20.     CACH purchases or otherwise acquires debts once owed or once due, or asserted to be once owed or once due, a creditor.

21.     The principal purpose of CACH's business is the collection of debts, whether through direct or indirect collection.

22.     CACH acquired Plaintiff's Debt when it was allegedly in default.

23.     CACH retained Resurgent to collect the Debt from Plaintiff on its behalf.

24.     In and before November 2020, Resurgent, itself and on behalf of CACH, contacted Plaintiff in effort to collect the Debt.

25.     The Debt is past the statute of limitations and therefore the only way Defendants could hope to collect it is through communicating with Plaintiff to either make a voluntary payment arrangement or otherwise causing Plaintiff to take some action that would renew the limitations period.

4

26. Plaintiff sent Resurgent a letter dated November 28, 2020, which demanded that it cease its collection efforts and refrain from communicating with Plaintiff any further with respect to the Debt.

27. Resurgent received Plaintiff's November 28, 2020 letter on or about December 22, 2020.

28. However, Resurgent, itself and on behalf of CACH, continued sending Plaintiff letters in effort to collect the Debt, including on or about December 7, 2020, and January 5, 2021.

29. Upon receipt of Defendants' December 7, 2020 letter, Plaintiff sent Resurgent a letter, dated January 16, 2021, again demanding that it cease all communication with Plaintiff with respect to the Debt.

30. Resurgent received Plaintiff's January 16, 2021 letter on or about January 26, 2021.

31. Yet, Resurgent, itself and on behalf of CACH, sent Plaintiff another letter in further effort to collect the Debt, dated February 3, 2021.

32. By continuing to communicate with Plaintiff in effort to collect the time-barred Debt after having received Plaintiff's multiple requests to cease further collection, Defendants caused Plaintiff undue distress.

33. The natural consequence of Defendants' conduct was to harass Plaintiff and to coax or intimidate him into making a payment on the time-barred Debt.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(c)**
**Resurgent**

34.     Plaintiff repeats and re-alleges each factual allegation above.

35.     "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer."  15 U.S.C. § 1692c(c).

36.     The only exception to this directive to cease communication is that the debt collector may send one further communication only to advise that it is ceasing communication, or that it may or intends to invoke a specified remedy.  15 U.S.C. § 1692c(c)(1)-(3).

37.     Resurgent violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff multiple times in connection with the collection of the Debt, after having received a letter from Plaintiff with a request to cease and desist communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Resurgent violated 15 U.S.C. § 1692c(c);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692c(c)**
**CACH**

38.     Plaintiff repeats and re-alleges each factual allegation above.

39.     Resurgent violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist communication.

40.     CACH, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Resurgent—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CACH violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692d**
**Resurgent**

41.     Plaintiff repeats and re-alleges each factual allegation above.

42.    "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

43.    Resurgent violated 15 U.S.C. § 1692d by engaging in conduct which harassed Plaintiff in connection with the attempted collection of a time-barred Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Resurgent violated 15 U.S.C. § 1692d;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692d
### CACH

44.    Plaintiff repeats and re-alleges each factual allegation above.

45.    Resurgent violated 15 U.S.C. § 1692d by harassing Plaintiff in connection with its efforts to collect a time-barred Debt from him.

46.    CACH, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Resurgent—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CACH violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692f
### Resurgent

47. Plaintiff repeats and re-alleges each factual allegation above.

48. The FDCPA also prohibits the use of unfair or unconscionable means to collect or attempt to collect debts. *See* 15 U.S.C. § 1692f.

49. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

50. Resurgent violated 15 U.S.C. § 1692f by using unfair means in connection with its attempts to collect a time-barred Debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Resurgent violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692f**
**CACH**

51. Plaintiff repeats and re-alleges each factual allegation above.

52. Resurgent violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a Debt from Plaintiff.

53. CACH, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Resurgent—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CACH violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

54.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 13, 2021

Respectfully submitted,

s/Joseph Panvini
Joseph Panvini
McCarthy Law, PLC
4250 N. Drinkwater Blvd. Ste. 320
Scottsdale, AZ 85251
Telephone: (602) 456-8900
Facsimile: (602) 218-4447
litigation@mccarthylawyer.com
Attorney for Plaintiff